[880 NYS2d 629]

In the Matter of ANDREAS GEORGAKOPOULOS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 9, 2009

## APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jorge Dopico* of counsel), for petitioner.

*Hinshaw & Culbertson, LLP* (*Hal R. Lieberman* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Andreas Georgakopoulos was admitted to the practice of law in the State of New York by the Second Judicial Department on March 28, 1990. At all times relevant to these proceedings, respondent has maintained an office for the practice of law within the First Judicial Department.

In October 2005, the Departmental Disciplinary Committee opened an investigation into respondent's misconduct resulting in the filing of formal charges alleging that respondent neglected numerous client matters and misrepresented the status of those cases to his clients and colleagues at his then law firm. Both a Referee and a Hearing Panel conducted hearings and issued reports recommending that respondent be suspended from the practice of law for one year. In February 2009, the Committee filed a petition with this Court to confirm the Referee and Hearing Panel reports.

An attorney who is the subject of an investigation or pending disciplinary proceeding may resign from the practice of law by submitting an affidavit of resignation to the Committee stating he intends to resign (22 NYCRR 603.11 [a]). In April 2009, the Committee requested that their petition be held in abeyance because respondent submitted an affidavit of resignation to the Committee. Pursuant to 22 NYCRR 603.11 (b), the Committee filed respondent's resignation affidavit with this Court and recommended that it be accepted and respondent's name be stricken from the roll of attorneys.

Respondent's affidavit of resignation complies with the requirements set forth in 22 NYCRR 603.11 (a). Respondent states his resignation is submitted freely, voluntarily and without coercion or duress, and that he is fully aware of the implications of submitting his resignation. Respondent acknowledges that in October 2005, the Committee opened an investigation against him based upon the complaint of a law firm that had employed him for several years, and also acknowledges that the Committee recently commenced a second investigation against him based upon the complaint of another law firm. Both firms alleged that respondent neglected numerous client matters and misrepresented the status of those matters to his clients and to the firms. Respondent admits that he cannot suc-

cessfully defend himself on the merits against the charges which gave rise to the petition filed with this Court. Respondent further admits that if the Committee filed charges against him based upon the most recent complaint, he could not successfully defend himself on the merits against such charges.

Accordingly, upon the motion of the Committee, respondent's resignation from the practice of law should be accepted and his name stricken from the roll of attorneys, effective nunc pro tunc to April 6, 2009. The Committee's initial motion to confirm should be denied as moot.

FRIEDMAN, J.P., SWEENY, NARDELLI, ACOSTA and RICHTER, JJ., concur.

Petition to confirm determination of Hearing Panel report denied, as indicated (M-980). Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to April 6, 2009 (M-1787).